UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS LEWIS JONES, #221006,

        Petitioner,

v.

        Civil No. 1:12-CV-10423
        Honorable Thomas L. Ludington

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Curtis Lewis Jones, a Michigan prisoner, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Petitioner pleaded guilty to possession with intent to deliver less than 50 grams of cocaine in the Kent County Circuit Court and was sentenced to two to five years imprisonment in 1991. In his pleadings, Petitioner raises claims concerning the state court's denial of his motion for relief from judgment, the prosecutor's alleged breach of a plea agreement, the prosecutor's alleged failure to disclose information at sentencing, and the effectiveness of trial counsel at sentencing.

This matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d)(1). The petition is untimely and is not saved by the doctrine of equitable tolling. The Court, therefore, shall grant the motion for summary judgment and dismiss

the petition. The Court further concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal should be denied.

# I

Petitioner pleaded guilty to possession with intent to deliver cocaine in the Kent County Circuit Court and was sentenced to two to five years imprisonment on April 18, 1991. Petitioner was also separately convicted of second-degree murder and felony firearm following a jury trial in the Kent County Circuit Court. He was sentenced on December 5, 1991 to life imprisonment for the murder conviction plus two consecutive years' imprisonment for the felony firearm conviction. The sentences for all three convictions appear to be consecutive.

Petitioner did not pursue a direct appeal of his drug conviction and sentence in the state courts. On January 3, 2011, he did file a motion for relief from judgment with the state trial court essentially raising his present claims. The trial court denied the motion on May 23, 2011. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Jones*, No. 304601 (Mich. Ct. App. Aug. 15, 2011) (unpublished). The Michigan Supreme Court also denied leave to appeal. *People v. Jones*, 806 N.W.2d 488 (Mich. Dec. 28, 2011).

Petitioner signed his habeas petition on January 18, 2012 and it was filed on February 1, 2012. Respondent filed the instant motion for summary judgment on August 8, 2012. Petitioner filed a reply to that motion on August 16, 2012.

# II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas

application in this case because petitioner filed his petition after AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed 13 days after the limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's drug conviction became final before AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final before AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in

accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the state trial court until January 3, 2011. Thus, the one-year period expired well before he sought state post-conviction or collateral review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no time remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. AEDPA's limitations period is only tolled while a prisoner has a properly filed motion for post-conviction or collateral review under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). Further, AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). The habeas petition is therefore untimely.

Petitioner does not contend that his claims are based upon newly-discovered facts or that his claims arise from newly-created rights recognized by the United States Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Rather, he contends that the State created an impediment to filing under 28 U.S.C. § 2244(d)(1)(B) because the Kent County Prosecutor's Office and the Grand Rapids Police Department used him as a confidential informant from 1990 through 1993, in 1995, and in 2009 and continued to promise him that they would seek dismissal of the charges in his drug case and seek a sentence reduction in his murder case. In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Section 2244(d)(1)(B) thus pertains only to

state-imposed impediments that prevent a prisoner from filing a federal habeas petition. It also "'requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)). Thus, a petitioner must "'allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired.'" *Winfield*, 66 F. App'x at 583 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000)).

Contrary to Petitioner's assertion, he has not alleged facts which show that state officials created an impediment to the filing of his federal habeas petition. While Petitioner alleges that he continued to believe that the prosecutor would fulfill the plea agreement during the relevant time period, he does not claim that the authorities impeded his access to the courts or otherwise prevented him from seeking relief in state or federal court. He has thus failed to establish that the State created an impediment to filing his federal habeas action.

Petitioner also seems to assert that he could not have proceeded on his habeas claims sooner because the issues were not ripe until the prosecutor and/or the police failed to fulfill promises to him arising from his alleged cooperation in 2009. Petitioner, however, has not established that his claims are based upon newly-discovered facts. In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a petitioner. *See Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citing cases); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). That is, the time commences when a petitioner knows or could have discovered the important facts for the claim, not when a petitioner recognizes the legal significance of those facts.

*Brooks*, 307 F. Supp. 2d at 905-06. The start of the limitations period does not await the collection of every scrap of evidence to support the facts. *Id*. A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *See Stokes v. Leonard*, 26 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)).

In this case, Petitioner was aware of the facts supporting his claims at the time of sentencing and/or when the authorities allegedly failed to fulfill their end of the plea agreement in the 1990s. At a minimum, Petitioner was aware of the factual basis for his claims during the statute of limitations grace period from April 24, 1996 to April 24, 1997. Any additional promises made by the authorities in 2009 did not serve to revive or re-start the one-year period. Moreover, Petitioner's allegations concerning his conversations with the authorities in 2009 are purely conclusory. It is well-settled that conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Petitioner has not shown that he is entitled to statutory tolling of the one-year period. His petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). " 'Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.' " *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner contends that he is entitled to equitable tolling of the one-year period due to his continued work as a confidential informant for the Kent County Prosecutor's Office and the Grand Rapids Police Department, including the fact that he supplied information from 1990 through 1993, in 1995, and in 2009. The fact that Petitioner cooperated with authorities in the 1990s does not excuse him from seeking habeas relief in a timely fashion. As noted, Petitioner was aware of the factual basis for his claims, including the alleged breach of his plea agreement, at the time of sentencing and/or prior to the expiration of the one-year grace period in 1997. However, he did not pursue his claims during the grace period – nor did he take any action for more than a decade. Although the petitioner alleges that Kent County Sheriff's Deputies came to see him in 2009 and made additional promises, his claims are purely conclusory and unsupported. Furthermore, even if such conversations occurred, they were not material to his 1991 plea and sentencing proceedings and would not excuse his failure to previously seek state post-conviction relief and/or federal habeas relief. Petitioner has not shown that extraordinary circumstances beyond his control precluded him from filing his habeas petition in a timely manner.

The fact that Petitioner is untrained in the law, may have been proceeding without a lawyer

7

or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ( "ignorance of the law, even for an incarcerated pro se petitioner" does not excuse late filing); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Additionally, given that Petitioner's drug conviction became final in 1991, that he did not pursue a direct appeal, and that he did not file his state court motion for relief from judgment until 2011, it cannot be said that he diligently pursued his claims. Petitioner is not entitled to equitable tolling under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year limitations period. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger*, 212 F. App'x 426, 431-32 (6th Cir. 2007); *Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such showing. Moreover, his guilty plea belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that

8

a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same). His habeas petition is therefore untimely and must be dismissed.

### III

The Court concludes that the petition for a writ of habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d). The Court further concludes that Petitioner has not established that he is entitled to statutory or equitable tolling of the one-year limitations period. The Court therefore **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Having considered the matter, the Court concludes that jurists of reason would not find the Court's procedural ruling debatable.

Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: February 28, 2013                  s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Curtis L. Jones #221006 Lakeland Correctional Facility, 141 First Street Coldwater, MI 49036 by first class U.S. mail on February 28, 2013.

                                   s/Tracy A. Jacobs
                                   TRACY A. JACOBS